# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6428 | **DATE** | 3/4/2004 |
| **CASE TITLE** | Santos Rivera vs. Heights Landscaping | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendants' motion to dismiss for lack of subject matter jurisdiction [14-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 3/5/04 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/4/2004 | |
| | | | date mailed notice | |
| hmb | courtroom deputy's initials | | hmb | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 0 5 2004

SANTOS RIVERA and ARTURO MARTINEZ, )
A.K.A. RAFAEL ZUNIGA )
)
Plaintiffs, )
)
v. ) No. 03 C 6428
)
HEIGHTS LANDSCAPING, INC. and ) Magistrate Judge Nan R. Nolan
GEORGE KOSTOPOULOS, )
)
Defendants. )

## MEMORANDUM OPINION & ORDER

Plaintiffs Santos Rivera and Arturo Martinez worked as landscapers for defendant Heights Landscaping, Inc. ("Heights"). They contend that Heights and its owner, defendant George Kostopoulos, failed to pay them all of the overtime wages they had earned, thus violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the Illinois Minimum Wage Law, 820 ILCS 105/4a and 105/12. Defendants contend that the FLSA is inapplicable, and therefore argue that the court lacks subject matter jurisdiction over plaintiffs' FLSA claims and should dismiss plaintiffs' complaint under Fed. R. Civ. P. 12(b)(1).[1] The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the following reasons, defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

### DISCUSSION

A. **The Court Has Subject Matter Jurisdiction**

The FLSA's overtime provisions apply if either the employer is a covered enterprise or

---

[1] If the FLSA claims were dismissed, the court would have discretion to decline to exercise supplemental jurisdiction over the state law claims. *Sartor v. Spherion Corp.*, No. 02 C 4312, 2003 WL 22765049, at *6 (N.D. Ill. Nov. 21, 2003); 28 U.S.C. § 1367(c)(3).

the plaintiffs are covered individuals. *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n. 8 (1985). A covered enterprise is one that (1) "has employees engaged in commerce or the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]" 29 U.S.C. § 203(s)(1)(A)(i-ii). If enterprise coverage applies, all of the enterprise's employees are protected under the FLSA, even if they are not personally involved in interstate commerce. *See, e.g., Rodriguez v. Corvel Corp.*, 2001 WL 685734, at *4 (W.D. Tex. Mar. 29, 2001); *Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp. 2d 280, 284 (S.D.N.Y. 2000). The FLSA also protects individual employees who are "engaged in commerce or in the production of goods for commerce," 29 U.S.C. § 207(a)(1), regardless whether their employers qualify as covered enterprises. *See, e.g., Marshall v. Whitehead*, 463 F. Supp. 1329, 1341 (M.D. Fla. 1978).

According to defendants, Heights' annual sales for the relevant period were less than the $500,000 minimum, so they are not subject to enterprise coverage. Defendants further argue that plaintiffs were not engaged in commerce or the production of goods for commerce, so neither plaintiff is a covered individual. Thus, according to defendants, the court lacks subject matter jurisdiction over plaintiffs' FLSA claims. In response, plaintiffs contend that defendants' objections go to the merits of the case, not to whether the court has subject matter jurisdiction over the claims.

Plaintiffs are correct. Whether plaintiffs fall within the protection of the FLSA is an issue

2

regarding the merits of their claims, not the court's jurisdiction. *Velez v. Vassallo*, 203 F. Supp. 2d 312, 330-332 (S.D.N.Y. 2002) (challenge that employer is not a covered enterprise under FLSA is properly construed as a challenge to the merits, not to subject matter jurisdiction); *Reich v. Troyer*, Civ. A. 96-0471, 1996 WL 198111, at *2 (E.D. La. Apr. 23, 1996) (same). "Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as a predicate for relief—a merits-related determination." 2 Moore's Fed. Practice § 12.30(1) (3d ed. 2000). In cases in which a federal statute both provides the basis for jurisdiction and creates the cause of action, the court "'should find that it has jurisdiction over the case and deal with the defendant's challenge on the merits.'" *Troyer*, 1996 WL 198111 at *2 (quoting *Clark v. Tarrant County, Texas*, 798 F. 2d 736, 741-42 (5th Cir. 1986)). Although the Seventh Circuit has not yet addressed this issue with respect to the FLSA, it has repeatedly held that the failure to satisfy a federal statutory definition "is not a defect of subject matter jurisdiction but an ordinary failure to meet a statutory requirement." *Sapperstein v. Hager*, 188 F. 3d 852, 855 n.1 (7th Cir. 1999) (citing rulings in ADEA and Title VII cases, but purposefully refraining from addressing the issue as it relates to the FLSA). This court finds the same reasoning applicable to FLSA cases, and follows *Verez* and *Troyer*. Defendants' motion to dismiss for lack of subject matter jurisdiction is therefore denied.

The question then is how to handle defendants' challenge to the merits. It is within the court's discretion to convert the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(b); *Troyer*, 1996 WL 198111 at *2. The court declines to do so in this case, however, preferring instead to narrow certain legal issues and to allow the parties to conduct limited

3

discovery (as discussed next). Either party may then file a motion for summary judgment if warranted.

**B.     The Court Will Allow Limited Discovery**

Plaintiffs contend that they should be allowed to take discovery regarding (i) the annual gross volume of sales made or business done by Heights ("gross revenue"), and (ii) whether any of the materials or goods plaintiffs used in the course of their work for Heights originated out of state. The court addresses these issues in turn.

Depending on the circumstances, annual gross revenue is determined by examining either the enterprise's earnings during a fiscal year (*i.e.*, a tax year) or its earnings during the twelve months preceding the beginning of a given fiscal quarter (*i.e.*, the rolling-quarter analysis). *See* 29 C.F.R. § 779.266. Regarding its annual gross revenue, Heights submitted an affidavit from its accountant and copies of the relevant income tax returns, showing that Heights' gross revenue amounted to $316,751 in 1999, $400,728 in 2000 and $442,007 in 2001—all well below the $500,000 threshold. In case Heights is not entitled to rely on those annual returns to qualify for exemption from the FLSA for 2002 because the rolling quarter analysis applies instead (an issue the court does not decide at this time), Heights also submitted copies of financial statements showing its quarterly sales from the quarter ending March 31, 2001 through the quarter ending September 30, 2002. According to defendants, the quarterly financial statements show that under the rolling quarter analysis, the first time Heights potentially qualified as a covered enterprise under the FLSA was at the end of the third quarter of 2002 (September 30, 2002), when its gross

revenue for the previous twelve months first exceeded $500,000.[2]

Defendants argue that allowing discovery on these financial matters will not reveal any new information. That may well be true, but plaintiffs are entitled to test the accuracy of Heights' proffered financial information if they choose to do so. The parties therefore have sixty days to conduct discovery on this issue.

Plaintiffs also contend they should be allowed to take discovery regarding whether, in the course of their work for Heights, they used goods or materials that originated out of state, *i.e.* that had traveled in interstate commerce. As the court understands their position, plaintiffs believe that such information is relevant to determining whether they are covered individuals. Specifically, plaintiffs argue that if discovery reveals that during the course of their landscaping work for Heights they used fertilizer, plant material, and/or other supplies that originated out of state, then plaintiffs were engaged in the production of goods for commerce and are covered individuals under the FLSA. This argument is flawed, however, because plaintiffs confuse information relevant to establishing *enterprise* coverage with information relevant to establishing *individual* coverage. As explained below, whether plaintiffs used goods or materials that traveled in interstate commerce has no bearing on whether plaintiffs are covered individuals under the FLSA because use of such goods or materials is insufficient to establish that plaintiffs were personally "engaged in commerce" or "engaged in the production of goods for commerce."

In determining whether an employee is a covered individual under the FLSA, the focus is on "the nature of the activities of the employee, rather than the general character of the

---

[2]By September 30, 2002, plaintiff Rivera was no longer employed by Heights, and plaintiff Martinez's employment terminated less than two months later.

5

employer's business." *Whitehead*, 463 F. Supp. at 1342 (citing *Mitchell v. Lublin McGaughey & Assoc.*, 358 U.S. 107, 209 (1959)). Plaintiffs do not contend they were engaged in commerce.[3] Rather, they argue if they handled materials that had traveled in interstate commerce, then they were engaged in the production of goods for commerce.

The critical issue is what makes an employee engaged in the "production of goods for commerce." Plaintiffs focus on the FLSA's definition of production. For purposes of the FLSA, an employee is deemed to be "engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State." 29 U.S.C. § 203(j). From this definition, plaintiffs argue that if they used goods that originated in another state during their employment, they "handled or transported" those goods within the meaning of § 203(j),[4] and thus were engaged in the production of goods for commerce. The flaw in this argument is that § 203(j) addresses only what constitutes production of goods. It says nothing about the "for commerce" requirement.

The "for commerce" requirement is essential for individual coverage. To explain this point, some background on the FLSA is warranted. "Prior to the introduction of enterprise coverage in 1961, the only individuals covered under the Act were those engaged directly in interstate commerce or in the production of goods for interstate commerce. Enterprise coverage

---

[3] An employee is engaged in commerce if the employee's work activities are "'actually in or so closely related to the movement of commerce as to be a part of it.'" *Boekemeier*, 86 F. Supp. 2d at 286 (quoting *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)). Work activities that "'affect or indirectly relate to interstate commerce'" are not enough. *Id.*

[4] The court assumes, without deciding, that such use constitutes "handling" within the meaning of § 203(j).

6

substantially broadened the scope of the Act to include any employee of an enterprise engaged in interstate commerce, as defined by the Act." *Tony & Susan Alamo Found.*, 471 U.S. at 295 n. 8. Enterprise coverage extends beyond employers who have employees engaged in commerce or in the production of goods for commerce to include employers that have "employees handling, selling, or otherwise working on *goods or materials that have been moved in* or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i) (emphasis added). So there likely would be enterprise coverage for plaintiffs if during the course of their work they used goods or materials that originated in another state, and Heights satisfies the $500,000 minimum. *See, e.g., Radulescu v. Moldowan*, 845 F. Supp. 1260, 1364 (N.D. Ill. 1994) (FLSA enterprise coverage applies to local businesses that employ workers who handle goods or materials that have traveled in interstate commerce).

Individual coverage, in contrast, remains limited to those employees directly engaged in interstate commerce or in the production of goods for interstate commerce. Moreover, the "for commerce" requirement is prospective. As explained in the relevant federal regulations, goods are produced for commerce "where the employer intends, hopes, expects, or has reason to believe that the goods or any unsegregated part of them *will move* (in the same or in an altered form or as a part or ingredient of other goods)" in interstate commerce. 29 C.F.R. § 776.21 (emphasis added). Thus, production of goods for commerce "includes all steps . . . which lead to readiness for *putting goods into the stream of commerce*." 51B C.J.S. Labor Relations § 1135 (2004) (emphasis added). "[M]ere use, physical touching, or consumption of goods" that have traveled in interstate commerce is not enough. *Joles v. Johnson County Youth Servs. Bureau, Inc.*, 885 F. Supp. 1169, (S.D. Ind. 1995). Plaintiffs cannot establish individual coverage merely by showing

7

that in the course of their work they used rakes, fertilizers, or other goods that originated out of state.

Plaintiffs reliance on *Figueroa v. America's Custom Brokers, Inc.*, 48 F. Supp. 2d 1372, 1376 (S.D. Fla. 1999), does not persuade the court otherwise. Addressing individual coverage under the FLSA, the *Figueroa* court stated that federal courts interpret the FLSA's broad definition of production "to include the handling of goods that have moved in interstate commerce, even if the employee's specific business activity is local." *Id.* But in so finding, the *Figueroa* court relied on two cases that were discussing enterprise coverage, not individual coverage.[5] The difference between the two, as explained above, is significant because enterprise coverage is broader in scope.[6] Further, the *Figueroa* court did not address the "for commerce" requirement.

For purposes of individual coverage, it makes no difference whether plaintiffs used rakes, fertilizers, etc. that previously traveled in interstate commerce. There is one issue that could be relevant, however. As part of their landscaping work, plaintiffs evidently planted trees and shrubs for customers. Supplying the trees or shrubs, as plaintiffs point out, constitutes a sale of goods (as well as the service of physically planting them). Whether any of those plants or shrubs were specially ordered through interstate commerce (rather than being purchased from available

---

[5] The *Figueroa* court relied on *Brock v. Hamad*, 867 F.2d 804, 808 (4th Cir. 1989) and *Radulescu*, 845 F. Supp. at 1264, both of which were discussing enterprise coverage.

[6] Additionally, the facts in *Figueroa* are distinguishable because the connection to interstate commerce was clear. The *Figueroa* plaintiffs —warehouse workers who loaded and unloaded fish- —cleared certain goods for Customs, resulting in the court's logical conclusion that their activities were "connected with the receipt and distribution of goods across State lines." *Figueroa*, 48 F. Supp. 2d at 1375.

8

stock at local nurseries) may make a difference. *See Joles*, 885 F. Supp. at 1179 (no individual coverage for plaintiff who purchased food and supplies from local retailers; when goods, which were not specially ordered, reached local retailers, their interstate journey ended). Plaintiffs may take discovery regarding whether any of the plants and shrubs were specially ordered for plaintiffs' customers.[7] Aside from that limited exception, to the extent plaintiffs seek discovery regarding the sources of origin of the goods or materials used during the course of their landscaping work in order to establish individual coverage, that request is denied.

However, discovery regarding the sources of the goods and materials Heights' employees (including but not limited to plaintiffs) used in the course of their employment is also relevant to establishing the first prong of enterprise coverage, *i.e.*, 29 U.S.C. § 203(s)(1)(A)(i). *See Radelescu*, 845 F. Supp. at 1264 (enterprise coverage extends "to companies that use products that have moved in interstate commerce"). Unless Heights is willing to concede that its business satisfies the first prong, plaintiffs will be allowed such discovery for purposes of establishing enterprise coverage.

## CONCLUSION

As explained above, defendants' motion to dismiss for lack of subject matter jurisdiction is denied. The parties have sixty days from the date of this order to conduct discovery regarding (1) Heights' annual gross volume of sales made or business done, (2) whether any plants or shrubs were specially ordered for plaintiffs' customers, and (3) whether any of the goods and

---

[7]The court reminds plaintiffs that for individual coverage, the focus is on their personal work activity. Even if Heights specially ordered some plants, that information will be of no use to plaintiffs unless they were personally involved with the special order (*e.g.*, through ordering, transporting, or planting).

9

materials Heights' employees used in the course of their employment were moved in or produced for commerce.

ENTERED:

*[signature]*

NAN R. NOLAN
United States Magistrate Judge

Dated: March 4, 2004